IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**LUIS LOPEZ-FERNANDEZ,**

Defendants.

**Crim. No**. 14-754-3 (DRD)

<u>OPINION AND ORDER</u>

On December 18, 2014, Luis Lopez-Fernandez  ("Defendant") was indicted and charged with conspiracy to import controlled substances into the United States, in violation of 21 U.S.C. §§ 952, 960, and 963; conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1); conspiracy to possess firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(o); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). *See* Docket No. 3. Defendant remained a fugitive of justice until June 5, 2015 when he was arrested in San Lorenzo, Puerto Rico. Pending before the Court is Defendant's *Motion to Suppress* his consent to a search of his home and all evidence seized thereafter (Docket No. 1078). For the reasons elucidated below, Defendant's motion is **DENIED**.

I.       **Factual and Procedural Background**[1]

On June 5, 2015, Defendant was in his home in San Lorenzo, Puerto Rico with his partner and his four minor children. At approximately 11:00 p.m., state and federal agents descended upon Defendant's home to execute two outstanding arrest warrants in Defendant's name. Defendant was immediately handcuffed and ordered to lie face down on the floor, his partner was isolated in a separate room, and the

---

[1] The facts recited below are as alleged by Defendant in his motion.

minor children were isolated in a separate room. Agents performed a security sweep of Defendant's home but did not have a search warrant to search the house.

At 11:15 p.m., agents requested Defendant's consent to search his home. Defendant consented to the search of his home. Defendant signed a "Consent to Search Form," which provides that the consent was freely given, advises the signee of Defendant of his right to refuse consent, and advises the signee that any evidence found during the search may be used against him in a subsequent criminal proceeding. At 11:20 p.m., the agents read Defendant his *Miranda* rights and provided Defendant with a "Waiver of Rights" form. Defendant refused to waive his *Miranda* rights.[2]

Agents searched Defendant's home and found several loaded weapons, ammunition, several cellular phones, digital video recording devices, several watches, one motorcycle, and several false identifications used by Defendant. On June 22, 2015, the government sought authorization from Magistrate Judge Camille Velez-Rive to search the two vehicles parked at Defendant's residence—a 2003 Ford Explorer and a 2011 Honda Odyssey.  The affidavit attached to the government's request mentioned the evidence found in Defendant's home as a basis for probable cause to search the vehicles. The Magistrate Judge authorized the search warrants and the government searched the vehicles. Therein, the government found weapons, ammunition, six cellular telephone chargers, five cellular telephone batteries, garage opening beepers, a speed scanner, and several documents.

On October 11, 2016, Defendant moved to suppress all evidence seized on June 5 and June 22, 2015 and requested an evidentiary hearing on the matter. *See* Docket No. 1078. Defendant avers that his consent was illegally obtained as he had not yet been Mirandized when agents approached him and requested his consent to the search. Defendant posits all evidence obtained thereafter is inadmissible,

---

[2] 11:15 p.m. is the time which appears on the "Consent to Search" form signed by Defendant and attached to Defendant's motion. *See* Docket No. 1078 at 4. Moreover, 11:20 p.m. is the time which appears on the "Waiver of Rights" form which Defendant refused to sign and attached to his motion. *See id.* at 6. For reasons that will be made clear below, the time which each form was signed is irrelevant to the Court's analysis. Accordingly, the Court has adopted the times alleged by Defendant.

including the evidence obtained in the vehicles. As to the evidence in the vehicles, Defendant asseverates this evidence is inadmissible because the probable cause alleged to the Magistrate Judge was primarily based on the evidence seized on June 5.

On December 8, 2016, the government filed its response to Defendant's motion. *See* Docket No. 1181. The government averred Defendant was Mirandized prior to being signing the consent form. The government alleges the agents forgot to add the time on the waiver form immediately after Defendant refused to sign it and later wrote "11:20 p.m." In the alternative, the government claims Defendant knowingly and voluntarily consented to the search of his home and, as such, the evidence seized was legally obtained.

On December 19, 2016, Defendant replied to the government's response. *See* Docket No. 1212. Defendant claims the government employed "shock and awe" tactics in its response by listing all the items seized from Defendant's home and vehicles. Defendant asseverates that this tactic cannot distract the Court from the fact that Defendant consented to the search of his home pursuant to a violation of his Constitutional rights.

## II.    Analysis

### *Potential <u>Miranda</u> Violations*

Law enforcement agents are required to provide Miranda warnings to a defendant in custody prior to initiating a custodial interrogation. *United States v. Swan*, 842 F.3d 28, 31 (1st Cir. 2016)(citing *United States v. Davis*, 773 F.3d 334, 338 (1st Cir. 2014)). Whether a reading of Miranda rights is required "turns on whether a suspect is in custody." *United States v. Hughes*, 640 F.3d 428, 435 (1st Cir. 2011). Because Defendant was immediately placed in custody upon the agents entering the house, Defendant had to be Mirandized prior to being interrogated. However, only "the combination of 'custody' and 'interrogation' that warrants the giving of these warnings." *United States v. Sanchez*, 817 F.3d 38, 44 (1st Cir. 2016)(citing *Miranda v. Arizona,* 384 U.S. 436, 473–79 (1966)); s*ee also Dickerson v. United States,* 530 U.S. 428, 432

3

(2000). Therefore, *Miranda* warnings "are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation." *United States v. Davis*, 773 F.3d 334, 338–39 (1st Cir. 2014)(quoting *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980)).

Interrogation subject to *Miranda* protection consists of "any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Sanchez*, 817 F.3d at 44 (quoting *Innis,* 446 U.S. at 301 and citing *Davis,* 773 F.3d at 339)). Every federal circuit faced with the arguments made by Defendant in his motion has held that consenting to a search is not "evidence of a testimonial or communicative nature" which falls in the paradigm of statements requiring a *Miranda* warning. *United States v. Rodríguez–García,* 983 F.2d 1563, 1568 (10th Cir. 1993); *see United States v. Perry,* 437 F.3d 782, 785 (8th Cir. 2006) (finding consent to search voluntary though defendant had been arrested and police did not recite *Miranda* rights before requesting consent); *United States v. Smith,* 3 F.3d 1088, 1098 (7th Cir. 1993) (holding that consenting to a search is not a self-incriminating statement, and "therefore a request to search does not amount to interrogation."); *United States v. Goodridge*, 945 F. Supp. 359, 370 (D. Mass. 1996)("the consent to search was not a custodial interrogation triggering the previously invoked *Miranda* right to counsel" since, in essence, "the law provides that a request for counsel during the interrogation does not apply to the subsequent request for a consent to search."); and *United States v. Rodríguez–Cabrera,* 35 F.Supp.2d 181, 188 (D.P.R. 1999) ("A suspect's consent, in and of itself, is not evidence which tends to incriminate him. While the search taken pursuant to that consent may disclose incriminating evidence, this evidence is 'real and physical, not testimonial.'"); *but see United States v. Jackson*, 544 F.3d 351, 356–57 (1st Cir. 2008)(finding a defendant's statement about the location of a loaded weapon in his apartment was product of interrogation by officers and, accordingly, violated his *Miranda* rights). Without more, obtaining Defendant's consent to search before reading him his *Miranda* rights is not a *per se* violation of Defendant's Constitutional right against self-incrimination.

4

### *Knowing and Voluntary Consent*

The fact that "a search will inevitably prove incriminating does not negate the possibility that consent is voluntary and not the product of coercion." *United States v. Ciovacco*, 518 F.2d 29, 30–31 (1st Cir. 1975). "(T)he pressure exerted on a criminal by the realization that the jig is up is far different from the deliberate or ignorant violation of personal right that renders apparent consent ineffective." *Id*. However, if Defendant was coerced into consenting to the search, the evidence seized thereafter is inadmissible against him as "the Fourth and Fourteenth Amendments of the Constitution clearly require that the consent be freely given and is not the result of duress or coercion, either express or implied." *United States v. Twomey*, 884 F.2d 46, 50–51 (1st Cir. 1989) (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 248 (1973)). The government must prove by a preponderance of the evidence that the consent was not tainted by coercion and this determination by the Court is a "question of fact based on the totality of the circumstances, including 'the consenting party's knowledge of the right to refuse consent; the consenting party's possibly vulnerable subjective state; and evidence of inherently coercive tactics, either in the nature of police questioning or in the environment in which the questioning took place.'" *United States v. Bey*, 825 F.3d 75, 80 (1st Cir. 2016)(quoting *Twomey*, 885 F.2d at 51).

Defendant did not allege that he was coerced into consenting to the search. Defendant has perilously placed all his eggs in one basket. Generally, the Court's analysis would and should end here. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)("[I]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."). Nevertheless, the Court will generously amplify the facts alleged in Defendant's motion and determine whether Defendant voluntarily consented, in light the circumstances.

The consent form provides that the signee is freely and knowingly consenting to the search and also advises the signee of his right to refuse consent and the fact that any evidence found during the

search may be used against him in a subsequent criminal proceeding. This weighs heavily against Defendant. Further, Defendant is an adult, with experience within the criminal justice system, who was arrested in his home.[3]

Heavily armed agents appeared at Defendant's house, informed him of the arrest warrants in his name, secured the house, and restrained all occupants. This conduct has been held to fall significantly short of being "inherently coercive," *United States v. Jones*, 523 F.3d 31, 38 (1st Cir. 2008), to a level that "[Defendant's] capacity for self-determination [was] critically impaired." *Schneckloth v. Bustamonte*, 412 U.S. at 225. Defendant does not allege the agents manipulated him and misled him into consenting, nor does he allege the agents' conduct overpowered his free will. *See United States v. Vazquez*, 724 F.3d 15, 23 (1st Cir. 2013)(finding consent is invalidated if obtained through agents' misrepresentation that a warrantless search of home could be conducted without the owner's consent). Consequently, the Court finds that Defendant's consent was not coerced by agents and is valid. *See, e.g.*, Jones, 523 F.3d at 38 (consent provided after "some ten to fifteen government agents, guns drawn, entered [the defendant's] hotel suite without knocking, handcuffed him, placed him in a separate room, and proceeded to interrogate him" not coerced); *United States v. Barnett*, 989 F.2d 546, 555 (1st Cir. 1993) (consent provided after defendant "was met at the door of his home by seven or eight law enforcement officers, with guns drawn," was "arrested and handcuffed," and was "advised ... of his *Miranda* rights" not coerced).

### III.    Conclusion

In synthesis, Defendant is presenting the series of evidentiary seizures as a long chain of dominoes, starting on the evening of Defendant's arrest. If the first domino fell, the rest would follow. Nevertheless, Defendant freely and knowingly provided consent to search his home. Whether *Miranda* rights were provided after securing Defendant's consent is of no consequence. The evidence obtained on

---

[3] There are no allegations that Defendant is mentally incapacitated, of low education, or particularly vulnerable to coercion or manipulation. On the other hand, his high-ranking position within the alleged drug trafficking organization suggests he is no slouch.

June 5 was legally seized. It then follows that the subsequent search warrants were not tainted by illegally obtained evidence and are, too, legally valid. Accordingly, Defendant's *Motion to Suppress* (Docket No. 1078) is hereby **DENIED** and all evidence seized on June 5 and June 22 may be admissible at trial against Defendant.[4]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of February, 2017.

/s/ Daniel R. Dominguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[4] "[An evidentiary] hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record.... Most importantly, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief." *United States v. D'Andrea*, 648 F.3d 1, 5 (1st Cir. 2011)(quoting *United States v. Staula*, 80 F.3d 596, 603 (1st Cir.1996) (citations omitted)). Defendant has made no such showing herein and the Court has adopted all the facts as alleged by Defendant. Accordingly, the Court **DENIES** Defendant's request for an evidentiary hearing.